

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00127-CR
No. 02-19-00128-CR

———————————————

SHANNON JERMAINE GARRETT, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1444250D, 1451192D

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Shannon Jermaine Garrett appeals his convictions for possession of less than one gram of cocaine and for assault-family violence by impeding breath or circulation. *See* Tex. Health & Safety Code Ann. § 481.115(b); Tex. Penal Code Ann. § 22.01(b)(2)(B). We affirm.

On November 30, 2016, in accordance with a plea bargain with the State, the trial court placed Garrett on deferred adjudication community supervision for three years for both offenses. On January 25, 2018, the State petitioned the trial court to proceed to adjudication. In its petition, the State alleged that Garrett had failed to report numerous times, failed to complete the Batterer's Intervention and Prevention Program, failed to submit to numerous drug tests, tested positive for marijuana on multiple occasions, and failed to complete court-ordered community service.

At the revocation hearing, Garrett pleaded true[1] to each of the State's allegations. The trial court adjudicated Garrett of both offenses and sentenced him to

---

[1]Even though Garrett pleaded "[t]rue" to each of the allegations at the revocation hearing, both of the trial court's judgments reflect that Garrett entered a plea of "TRUE-BUT." A "true but" plea appears to be criminal law vernacular for when a defendant pleads true to the State's allegations but still desires to have a hearing before the trial court where the defendant can, among other things, put on mitigating evidence or request leniency in sentencing. *See Davis v. State*, No. 02-04-206-CR, 2005 WL 675513, at *1 (Tex. App.—Fort Worth Mar. 24, 2005, no pet.) (mem. op., not designated for publication) ("Upon his plea of true, or, in the vernacular, his plea of 'true but,' the trial court adjudicated Appellant guilty of robbery and sentenced him to ten years' confinement.").

2

two years in jail for the possession charge and three years' incarceration for the assault charge, with the sentences to run concurrently.

Garrett's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Garrett of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Garrett's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Garrett had the opportunity to file a pro se response to the *Anders* brief, but he did not. The State informed this court by letter that it would not be filing a responding brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit—we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 6, 2020